**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-80071-CR-DAMIAN**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TATYANA ALEXSANDROVNA SMELIK,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**RESPONSE IN OPPOSITION TO DEFENDANT'S**
**SENTENCING MEMORANDUM AND OBJECTIONS TO PSI**

Comes now the United States, by and through the undersigned Assistant United States Attorney, and hereby responds in opposition to Defendant's Sentencing Memorandum and Objections to PSI (DE 35). The defendant argues that the three-level reduction under U.S.S.G. § 2L2.1(b)(1) applies because, as she claims, she committed the offense out of compassion, not for profit. (*See* DE 35 at 8-9.)[1] The defendant also seeks a sentence of probation or a combination sentence with home confinement. (*Id.* at 12.)

The United States submits that the defendant cannot meet her burden of proof that she is entitled to the reduction under U.S.S.G. § 2L2.1(b)(1). Rather, the United States submits that the U.S. Probation Office properly calculated the defendant's total offense level as 12, with a corresponding guideline range of 10 to 16 months because she is in criminal history category I. The United States further submits that a term of probation would be insufficient under the 18

---

[1] The defendant also submitted miscellaneous corrections and clarifications by paragraph number (DE 35 at 2). The U.S. Probation Office has noted its response by way of the Second Addendum to the Presentence Report (DE 36-2 at 3). The United States defers to the U.S. Probation Office's response.

U.S.C. § 3553(a) factors. The United States recommends a term of imprisonment of one year and one day.

## I.      BACKGROUND

This case involves the defendant's submission of petitions to the United States Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security, to financially sponsor Ukrainian nationals under a program to initiate the parole process for such nationals. The defendant submitted approximately 152 petitions. In 49 of those petitions, she falsely answered that she had not previously submitted such a petition. This information was material to USCIS's approval of the immigration benefit because the sponsorship certified the ability to provide financial support. That financial support would be diluted by the previous sponsorship of other beneficiaries.

The United States initially charged the defendant via criminal complaint (DE 3) for having violated 18 U.S.C. § 1546. The defendant was arrested on May 9, 2025, in the Northern District of Georgia. She appeared in the Southern District of Florida on May 21, 2025 (DE 12). On May 22, 2025, a federal grand jury sitting in West Palm Beach, Florida returned a ten-count indictment, each count charging the defendant with false statements in an immigration application, in violation of 18 U.S.C. § 1546 (DE 14). On August 21, 2025, the defendant pled guilty before U.S. Magistrate Judge Bruce E. Reinhart to Count 1 of the indictment (DE 26). The plea was pursuant to a written plea agreement and factual proffer (DE 27). That same day, Judge Reinhart issued a Report and Recommendations, recommending that the Court accept the defendant's plea of guilty as to Count 1 and adjudicate the defendant guilty (DE 28). The Court adopted the Report and Recommendations on August 31, 2025 (DE 31).

The U.S. Probation Office prepared a Presentence Investigation Report ("PSI") (DE 33) and addendum (DE 34). The defendant has lodged an objection to the calculation of the guideline range, contending that she is entitled to a three-level reduction under U.S.S.G. § 2L2.1(b)(1) because she claims she committed the offense for reasons other than profit. (DE 35 at 8-9.) She also seeks a sentence of probation or a combination sentence with home confinement. (*Id.* at 12.)

The United States now responds in opposition to the defendant's objection and sentencing request.

## II.    ARGUMENT

### a.    The defendant cannot meet her burden of proving that she is entitled to the reduction under U.S.S.G. § 2L2.1(b)(1).

Under U.S.S.G. § 2L2.1(b)(1), "the defendant has the burden of proving the applicability of guideline sections which would reduce the offense level." *United States v. Wilson*, 884 F.3d 1355, 1356 (11th Cir. 1989); *see also, e.g.*, *United States v. Zaldivar*, 615 F.3d 1346, 1352 (11th Cir. 2010). The defendant cannot meet this burden.

Upon her arrest, the defendant agreed post-*Miranda* to an interview, which was audio-recorded. The following are portions of the interview demonstrating that the defendant received money for this offense.

**U.S. Border Patrol Agent:**[2]  All of these people in here, I'm assuming, paid you something for you to fill out their petitions, or a majority of them.

**Defendant:**    Well, just the [pauses] family.

**U.S. Border Patrol Agent:**    Family, no.

**Defendant:**    So for example, like, Sergei came to me. "Hey, Tanya, can you apply the form for my wife and the children?" So I'll charge him a fee for the application for my job—

**U.S. Border Patrol Agent:**    Yeah.

---

[2] This exchange begins at approximately 36 minutes and 24 seconds in the audio recording.

**Defendant:** —like, to—like filling out the forms.

Later in the interview, the defendant admitted the following:

**U.S. Border Patrol Agent:**[3] How much money have you made from filling these things out? [silence for approximately nine seconds] A hundred thousand? Two hundred thousand? [silence for approximately three seconds]

**Defendant:** I didn't make much.

**U.S. Border Patrol Agent:** Enough? [silence for approximately five seconds] How much more or less? [silence for approximately five seconds]

**Defendant:** I didn't have numbers.

The defendant never denied that she had made money, even when questioned regarding amounts as high as $100,000 or $200,000.[4] Had the defendant committed the offense solely out of compassion, as she claims, presumably she would have immediately denied that she made money, particularly such large sums. Given her answer in which she admitted that she made a fee and her non-committal responses to how much she made (even if "not much," as she claims, it was more than nothing), the United States submits that the defendant cannot sustain her burden of proving the three-level reduction under U.S.S.G. § 2L2.1(b)(1).

>   b.   **The defendant is not entitled to a variance, and a term of imprisonment of one year and one day will reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence to others.**

The defendant seeks a variance to a term of probation or a combination sentence with home confinement. The United States submits that granting a sentence of probation would fail to achieve the purposes of 18 U.S.C. § 3553(a). In particular, such a sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence to others.

---

[3] This exchange begins at approximately 38 minutes and two seconds in the audio recording.
[4] It also bears noting that the defendant's financial status is largely unexplained by her past employment history and stated monthly income, even accounting for her modest real estate investments.

4

Even if there were an aspect of compassion to the defendant's conduct, her false statements affected the integrity of the immigration system. If the Court were to sentence her to probation, it would diminish the magnitude of the crime and thus would not serve a deterrent effect on others considering committing the crime.

Moreover, a term of probation may result in sentencing disparities. The most important data cited by the defendant are those particular to the applicable guideline, U.S.S.G. § 2L2.1, and her final offense level of 12 and corresponding guideline range of 10-16 months. According to the Judiciary Sentencing Information system, available at https://jsin.ussc.gov/analytics/saw.dll?Das hboard&PortalPath=%2Fshared%2FJSIN%2F_portal%2FJSIN&page=Sentencing%20Table,

> During the last five fiscal years (FY2020-2024), there were 30 defendants whose primary guideline was §2L2.1, with a Final Offense Level of 12 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 21 defendants (70%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 9 month(s) and the median length of imprisonment imposed was 10 month(s).

This is consistent with the data reported by the defendant for this offense level and resulting guideline range. (*See* DE 35 at 11.) Because these data are particularized to the guideline, the total offense level, and the criminal history category, they are the most useful in determining whether sentencing disparities would result. Given that the majority of defendants received a term of imprisonment, appearing to group around the nine- to ten-month range based on the average and median, it is clear that a sentence of probation would indeed result in such a sentencing disparity.

## III.   CONCLUSION

For the foregoing reasons, the United States submits that the defendant's objection claiming the application of the reduction under U.S.S.G. § 2L2.1(b)(1) should be overruled. Accordingly, the defendant's guideline range was properly calculated. The United States further

submits that a variance is not warranted in this case and that a sentence including a term of imprisonment of one year and one day is appropriate under 18 U.S.C. § 3553(a).

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:    /s/ Alexandra Chase
ALEXANDRA CHASE
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501746
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1011
Fax: (561) 659-4526
alexandra.chase@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Alexandra Chase
ALEXANDRA CHASE
Assistant United States Attorney